

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-228-CR

TIMOTHY SIMPSON                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                     STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Timothy Simmons of sexual assault upon his plea of guilty and assessed his punishment at thirty-four years' confinement. The trial court sentenced him accordingly. In one point, he contends that the trial court violated his federal and state constitutional rights to a fair punishment hearing by allowing the prosecutor to argue outside the record on multiple occasions. Because we hold that the trial court did not err, we affirm the trial court's judgment.

------------

[1] See Tex. R. App. P. 47.4.

In the State's final argument on punishment, the prosecutor stated,

> He also on August 8th of 1993 commits the first degree felony offense of delivery of drugs, a first degree felony while he's on probation already.
>
> About a week later on August 17th, he's caught doing it again, so that he basically got out on bond and he did it again.

After the second statement, Appellant's trial counsel objected that there was no evidence of when Appellant was arrested or that he was out on bond at the time of the August 17 offense and that the argument was therefore outside the record. The trial court overruled the objection. The prosecutor then went on,

> So they're saying behave yourself. Don't do wrong. He's got an assault and two first degree felonies.
>
> They finally get around to revoking him on September 20th of 1993. That's all out in Kaufman County. And you can look at this and see. So he goes to prison for ten years. He gets a ten-year sentence. He's given on the second case—they do them at different times, but he gets ten years to run concurrently.

As the State points out, State's Exhibit 2 contains a September 20, 1993 judgment revoking Appellant's probation and adjudicating him guilty of robbery. The judgment provides that Appellant was placed on probation on March 9, 1992, and that Appellant received forty days' credit for time served. The exhibit also contains a September 20, 1993 judgment on Appellant's plea of guilty to the first-degree felony offense of delivery of a controlled substance committed on August 17, 1993. Finally, the exhibit contains an April 27, 1994 judgment on Appellant's plea of guilty

2

to the first-degree felony offense of delivery of a controlled substance committed on August 8, 1993.

The State concedes that there is no evidence that Appellant was on bond when he committed the August 17 offense but argues that it is a reasonable deduction from the evidence.[2] We agree and hold that the argument was proper.[3]

But we note in the interest of justice that even if the trial court had erred by allowing the argument, any error would be harmless because whether Appellant committed the offenses while he was on probation or whether he committed one offense while on probation, was arrested and released on bond, and then committed the second offense, the significance is the same: Appellant committed first-degree drug felonies within days of each other, flagrantly violating either the probation conditions or bond conditions set by the trial court who released him. We therefore overrule this portion of Appellant's point.

The prosecutor also argued,

> You know, mom said, oh, you know, he was depressed, so, you know, I tried to get him some help with Terrell MHMR. What did we talk about in jury selection? Both sides have equal subpoena power. . . . [T]his offense happened almost two years ago. There is not a shred, there's not one document, one piece of paper that said he was ever in a mental hospital or was counseled for depression or anything like that.

---

[2] *... See Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

[3] *... See Felder*, 848 S.W.2d at 94–95; *Alejandro*, 493 S.W.2d at 231.

It doesn't exist.  So you can't go back there and go, well, you know, maybe he had some problems.  You have no evidence of that.

[DEFENSE COUNSEL]:  Your Honor, I object.  There is evidence from the mother that he did go to—

THE COURT:  I'll overrule that objection.

[THE PROSECUTOR]:  Where is it?  You know those places keep records.  They keep them very well.  There's not one document to show anything to corroborate that. . . .

Taken in context, the prosecutor's argument was that there was no documentary evidence of Appellant's psychological problems or treatment thereof.  We therefore hold that this argument was a proper summation of the evidence and overrule the remainder of Appellant's sole point.[4]

---

[4]... *See Felder*, 848 S.W.2d at 94–95; *Alejandro*, 493 S.W.2d at 231.

Having overruled Appellant's sole point, we affirm the trial court's judgment.


                                                  LEE ANN DAUPHINOT
                                                  JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 15, 2010